BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | MDL No. _____ |

PLAINTIFF'S MOTION FOR TRANSFER OF ACTION
TO THE DISTRICT OF DELAWARE PURSUANT TO 28 U.S.C. § 1407
FOR COORDINATED AND CONSOLIDATED PRETRIAL PROCEEDINGS

NOW COMES Novartis Pharmaceuticals Corporation ("Plaintiff"), plaintiff in:

- *Novartis Pharmaceuticals Corporation v. Alkem Laboratories Ltd., Aurobindo Pharma USA Inc., Aurobindo Pharma Ltd., Biocon Pharma Limited, Biocon Limited, Biocon Pharma, Inc., Crystal Pharmaceutical (Suzhou) Co., Ltd., Laurus Labs Limited, Laurus Generics Inc., Lupin Atlantis Holdings, S.A., Lupin Limited, Lupin Inc., Lupin Pharmaceuticals, Inc., Nanjing Noratech Pharmaceutical Co., Limited, Teva Pharmaceuticals USA, Inc., Torrent Pharma Inc., Torrent Pharmaceuticals Ltd.*, Case No. 1:19-cv-01979-LPS (D. Del.);

- *Novartis Pharmaceuticals Corporation v. Alembic Pharmaceuticals Limited, Alembic Global Holding SA, Alembic Pharmaceuticals, Inc., Macleods Pharmaceuticals Ltd., Macleods Pharma USA, Inc., Natco Pharma Limited, Natco Pharma, Inc.*, Case No. 1:19-cv-02021-LPS (D. Del.);

- *Novartis Pharmaceuticals Corporation v. Dr. Reddy's Laboratories, Inc., Dr. Reddy's Laboratories, Ltd., Hetero USA Inc., Hetero Labs Limited, Hetero Labs Limited Unit III, MSN Pharmaceuticals Inc., MSN Laboratories Private Limited, MSN Life Sciences Private Limited, Mylan Pharmaceuticals Inc., Mylan Inc., Mylan Laboratories Limited, Novugen Pharma (Malaysia) Sdn. Bhd., Zydus Pharmaceuticals (USA) Inc., Cadila Healthcare Ltd.*, Case No. 1:19-cv-02053-LPS (D. Del.); and

- *Novartis Pharmaceuticals Corporation v. Mylan Pharmaceuticals Inc., Mylan Inc., Mylan Laboratories Limited*, Case No. 1:19-cv-00201-IMK (N.D. W. Va.).

Plaintiff moves that the Judicial Panel on Multidistrict Litigation enter an order pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation transferring the Hatch-Waxman patent infringement action, *Novartis Pharmaceuticals Corporation v. Mylan Pharmaceuticals Inc., Mylan Inc., Mylan Laboratories Limited*, Case No.

1

1:19-cv-00201-IMK, pending in the Northern District of West Virginia ("Mylan West Virginia Action"), to Chief Judge Leonard P. Stark in the United States District Court for the District of Delaware for coordinated and consolidated pretrial proceedings with the three above-mentioned Hatch-Waxman patent infringement actions already pending in the District of Delaware against 38 defendants representing 18 different generic pharmaceutical groups.

Transfer for pretrial consolidation and coordination is proper and necessary for the following reasons, as more fully explained in the accompanying memorandum:

1. This motion seeks transfer and consolidation for pretrial purposes of the Mylan West Virginia Action with the three above-mentioned Delaware Hatch-Waxman patent infringement actions brought by Plaintiff against the following 38 defendants:[1]

>  (1)(a) Alembic Pharmaceuticals Limited, (b) Alembic Global Holding SA, and (c) Alembic Pharmaceuticals, Inc. (collectively "Alembic");
>
> (2) Alkem Laboratories Ltd. ("Alkem");
>
> (3)(a) Aurobindo Pharma USA Inc. and (b) Aurobindo Pharma Ltd. (collectively "Aurobindo");
>
> (4)(a) Biocon Pharma Limited, (b) Biocon Limited, and (c) Biocon Pharma, Inc. (collectively "Biocon");
>
> (5) Crystal Pharmaceutical (Suzhou) Co., Ltd. ("Crystal Pharma");
>
> (6)(a) Dr. Reddy's Laboratories, Inc. and (b) Dr. Reddy's Laboratories, Ltd. (collectively "Dr. Reddy's");
>
> (7)(a) Hetero USA Inc., (b) Hetero Labs Limited, and (c) Hetero Labs Limited Unit III (collectively "Hetero");
>
> (8)(a) Laurus Labs Limited and (b) Laurus Generics Inc. (collectively "Laurus");

---

[1] Plaintiff filed complaints against two additional defendants—S&B Pharma, Inc. and Teva Pharmaceutical Industries Ltd.—but those defendants have since been dismissed. *See* Case No. 1:19-cv-01979-LPS, D.I. 6, 7 (D. Del.).

(9)(a) Lupin Atlantis Holdings, S.A., (b) Lupin Limited, (c) Lupin Inc., and (d) Lupin Pharmaceuticals, Inc. (collectively "Lupin");

(10)(a) Macleods Pharmaceuticals Ltd. and (b) Macleods Pharma USA, Inc. (collectively "Macleods");

(11)(a) MSN Pharmaceuticals Inc., (b) MSN Laboratories Private Limited, and (c) MSN Life Sciences Private Limited (collectively "MSN");

(12)(a) Mylan Pharmaceuticals Inc., (b) Mylan Inc., and (c) Mylan Laboratories Limited (collectively "Mylan");

(13) Nanjing Noratech Pharmaceutical Co., Limited ("Noratech");

(14)(a) Natco Pharma Limited and (b) Natco Pharma, Inc. (collectively "Natco");

(15) Novugen Pharma (Malaysia) Sdn. Bhd. ("Novugen");

(16) Teva Pharmaceuticals USA, Inc. ("Teva");

(17)(a) Torrent Pharma Inc. and (b) Torrent Pharmaceuticals Ltd. (collectively "Torrent"); and

(18)(a) Zydus Pharmaceuticals (USA) Inc. and (b) Cadila Healthcare Ltd. (collectively "Zydus").

2. All of the above-mentioned actions involving these 38 defendants—representing 18 different generic pharmaceutical groups—arise under the Hatch-Waxman Act. Specifically, they arise out of defendants' filing of Abbreviated New Drug Applications ("ANDAs") with the United States Food and Drug Administration ("FDA") seeking FDA approval to manufacture and sell generic versions of the drug product Entresto® (sacubitril/valsartan) prior to the expiration of four patents covering Entresto® ("patents-in-suit").[2]

---

[2] Plaintiff has asserted U.S. Patent Nos. 8,877,938 and 9,388,134 against all defendants. Plaintiff also has asserted U.S. Patent No. 8,101,659 against all defendants except Alembic, Lupin, and Noratech and U.S. Patent No. 8,796,331 against all defendants except Alembic, Lupin, Macleods, and Noratech.

3. Each of the patents-in-suit is listed in the FDA's Orange Book for Entresto®.

4. Twelve defendants reside in Delaware.[3] As to those ANDA-filer defendants who do not reside in Delaware, all except Mylan agreed not to contest personal jurisdiction or venue in the District of Delaware for purposes of patent litigation involving their respective sacubitril/valsartan ANDAs. *See* Declaration Of Christopher E. Loh, filed concurrently herewith. Plaintiff thus filed three Hatch-Waxman actions in the District of Delaware: Case No. 1:19-cv-01979-LPS (D. Del.), filed on October 17, 2019; Case No. 1:19-cv-02021-LPS (D. Del.), filed on October 24, 2019; and Case No. 1:19-cv-02053-LPS (D. Del.), filed on October 29, 2019.

5. Because Mylan refused to consent to personal jurisdiction or venue in Delaware, Plaintiff on October 30, 2019 filed a fourth, protective "back-up" Hatch-Waxman action in the Northern District of West Virginia, where Mylan is based—the Mylan West Virginia Action—asserting the four patents-in-suit against Mylan. Plaintiff's claims in the Mylan West Virginia Action are substantively identical to Plaintiff's claims against Mylan in District of Delaware Case No. 1:19-cv-02053-LPS (D. Del.).

6. Plaintiff alleges, in all four of the above-mentioned Hatch-Waxman actions, that the submission of defendants' ANDAs seeking approval to market generic versions of Entresto® before the expiration of the patents-in-suit constituted acts of infringement of those patents under 35 U.S.C. § 271(e)(2)(A). All four of the above-mentioned Hatch-Waxman actions therefore

---

[3] Alembic Pharmaceuticals Inc., Aurobindo Pharma USA Inc., Biocon Pharma, Inc., Hetero USA Inc., Laurus Generics Inc., Lupin Inc., Lupin Pharmaceuticals, Inc., Macleods Pharma USA Inc., MSN Pharmaceuticals Inc., Natco Pharma, Inc., Teva Pharmaceuticals USA, Inc., Torrent Pharma Inc.

involve the same core issue: whether defendants have infringed or will infringe any valid and enforceable claims of the patents-in-suit.

7. All four of the above-mentioned Hatch-Waxman actions are in their earliest stages. As of today, no answers have been filed; no conferences have been held in either Delaware or the Northern District of West Virginia; no discovery schedule is in place; and no substantive orders have been issued. No date for an initial scheduling conference has been set in the District of Delaware, and the initial scheduling conference in the Northern District of West Virginia will not occur until March 3, 2020.

8. The four above-mentioned Hatch-Waxman actions should be centralized because they present numerous common issues of fact and law, including, without limitation, a common group of patents with related technology; the prosecution history of the patents-in-suit; claim construction; the scope and content of the prior art; and objective indicia of non-obviousness.

9. Centralization of the four above-mentioned Hatch-Waxman actions is necessary to eliminate the potential for inconsistent rulings on pretrial motions; to eliminate the burden of duplicative discovery on common issues; to avoid the unnecessary use of judicial resources; and to reduce the overall costs and burdens upon the parties. Moreover, because the above-mentioned actions assert infringement based on the submission of ANDAs, the effect of having inconsistent rulings regarding FDA procedures, claim construction, validity, and ANDA-based infringement would place a significant, deleterious, and unnecessary strain on court resources.

10. The Panel long has acknowledged that Hatch-Waxman actions like these, "involving the validity of complex pharmaceutical patents and the entry of generic versions of the patent holder's drugs are particularly well-suited for transfer under Section 1407." *In re Kerydin (Tavaborole) Topical Sol. 5% Patent Litig.*, 366 F. Supp. 3d 1370, 1371 (J.P.M.L. 2019)

(quoting *In re Alfuzosin Hydrochloride Patent Litig.*, 560 F. Supp. 2d 1372, 1372 (J.P.M.L. 2008)).  This is because of "the complexity of the allegations and regulatory framework governing Hatch-Waxman cases, as well as the need for swift progress in litigation involving the potential entry of generic drugs into the market." *In re Auryxia (Ferric Citrate) Patent Litig.*, MDL No. 2896, 2019 U.S. Dist. LEXIS 133975, at *2 (J.P.M.L. July 31, 2019) (quoting *In re Kerydin*, 366 F. Supp. 3d at 1371).  The benefits of centralization in these cases are so compelling that the Panel has "centralized litigation consisting of only two Hatch-Waxman Act cases." *In re Kerydin*, 366 F. Supp. 3d at 1371 (citing multiple cases centralizing two Hatch-Waxman cases).

11.     The four above-mentioned Hatch-Waxman actions should be centralized before Chief Judge Leonard P. Stark in the District of Delaware, who currently is presiding over three of the four actions involving all 38 defendants representing 18 different generic pharmaceutical groups.

12.     Judge Stark previously has presided over complex patent actions, including a multidistrict patent case.  *See, e.g.*, *In re Auryxia*, 2019 U.S. Dist. LEXIS 133975, at *3.  Judge Stark also has substantial experience with Hatch-Waxman litigation, having presided over more than 400 Hatch-Waxman cases.  *See* Lex Machina Search: District Judge Leonard Philip Stark with case tag Patent:ANDA (performed December 19, 2019), filed concurrently herewith as Exhibit A.

13.     In 2019 alone, the Panel has transferred three other Hatch-Waxman actions against Mylan in the Northern District of West Virginia to the District of Delaware for consolidation with related actions pending there.  *See In re Palbociclib Patent Litig.*, 396 F. Supp. 3d 1360, 1362 (J.P.M.L. 2019); *In re Auryxia*, 2019 U.S. Dist. LEXIS 133975, at *2–3; *In re*

*Kerydin*, 366 F. Supp. 3d at 1371–72.  The issues and arguments presented in this motion are not materially different from the issues and arguments that the Panel heard in the *Palbociclib*, *Auryxia*, and *Kerydin* matters.

      14.     Given the foregoing, the appropriate course of action is to transfer the Mylan West Virginia Action to Judge Stark in the District of Delaware, where it can be consolidated for coordinated pretrial proceedings with the three Hatch-Waxman actions already pending in that District.

Dated: December 20, 2019

Respectfully submitted,

/s/ Christopher E. Loh
Nicholas N. Kallas
Christina Schwarz
Christopher E. Loh
Susanne L. Flanders
Jared L. Stringham
Shannon K. Clark
Laura K. Fishwick
Gregory J. Manas
VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
nkallas@venable.com
cschwarz@venable.com
cloh@venable.com
slflanders@venable.com
jlstringham@venable.com
skclark@venable.com
lfishwick@venable.com
gjmanas@venable.com

Daniel M. Silver
Alexandra M. Joyce
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

James F. Companion
Sandra K. Law
SCHRADER COMPANION DUFF &
LAW, PLLC
401 Main Street
Wheeling, WV 26003
(304) 233-3390
jfc@schraderlaw.com
skl@schraderlaw.com

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*