# Exhibit 4

# U.S. District Court
## Northern District of West Virginia (Clarksburg)
## CIVIL DOCKET FOR CASE #: 1:19-cv-00201-IMK

Novartis Pharmaceuticals Corporation v. Mylan Pharmaceuticals
Inc. et al
Assigned to: Senior Judge Irene M. Keeley
Cause: 35:271 Patent Infringement

Date Filed: 10/30/2019
Jury Demand: None
Nature of Suit: 835 Patent - Abbreviated
New Drug Applications (ANDA)
Jurisdiction: Federal Question

**Plaintiff**

**Novartis Pharmaceuticals Corporation**        represented by **Christina Schwarz**
Venable, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
Email: cschwarz@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher E. Loh**
Venable, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2206
Fax: (212) 218-2200
Email: cloh@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory J. Manas**
Venable, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
Email: gjmanas@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James F. Companion**
Schrader Companion Duff & Law, PLLC
401 Main Street
Wheeling, WV 26003
304-233-3390
Fax: 304-233-2769
Email: jfc@schraderlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jared Stringham**
Venable, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
Email: jlstringham@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Laura K. Fishwick**
Venable, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
Email: lfishwick@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas N. Kallas**
Venable, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2243
Fax: (212) 218-2200
Email: nkallas@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sandra K. Law**
Schrader, Byrd & Companion, PLLC -
Wheeling
The Maxwell Centre, Suite 500
32 - 20th Street
Wheeling, WV 26003
304-233-3390
Fax: 304-233-2769
Email: skl@schraderlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shannon K. Clark**
Venable, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
Email: skclark@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susanne L. Flanders**

Venable, LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 218-2100
Email: slflanders@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Mylan Pharmaceuticals Inc.** | represented by | **Gordon H. Copland** |

Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
304-933-8162
Fax: 304-933-8183
Email: Gordon.Copland@steptoe-johnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J O'Brien**
Steptoe & Johnson PLLC - Bridgeport
400 White Oaks Blvd
Bridgeport, WV 26330
(304) 933-8181
Fax: (304) 933-8183
Email: William.Obrien@Steptoe-Johnson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Mylan Inc.** | represented by | **Gordon H. Copland** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J O'Brien**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Mylan Laboratories Limited** | represented by | **Gordon H. Copland** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William J O'Brien**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2019 | 1 | COMPLAINT against All Defendants, filed by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Exhibit A - Patent Information, # 2 Exhibit B - Patent Information, # 3 Exhibit C - Patent Information, # 4 Exhibit D - Patent Information, # 5 Civil Cover Sheet) (dk) (Entered: 10/30/2019) |
| 10/30/2019 | 2 | Filing fee: $ 400, receipt number WVNW002318. (dk) (Entered: 10/30/2019) |
| 10/30/2019 | 3 | Corporate Disclosure Statement by Novartis Pharmaceuticals Corporation identifying Corporate Parent Novartis AG for Novartis Pharmaceuticals Corporation. (dk) (Entered: 10/30/2019) |
| 10/30/2019 | 4 | Supplemental Information for Patent Cases Involving an Abbreviated New Drug Application (ANDA) filed by Novartis Pharmaceuticals Corporation. (dk) (Entered: 10/30/2019) |
| 10/30/2019 | 5 | REPORT to USPTO on the filing or determination of an action regarding re 1 Complaint. (dk) (Entered: 10/30/2019) |
| 10/30/2019 | 6 | VERIFICATION OF ATTORNEY ADMISSION to Attorneys Schwarz, Flanders, Clark, Fishwick, and Manas. (dk) (Entered: 10/30/2019) |
| 11/05/2019 | 7 | MOTION for Leave to Appear Pro Hac Vice *of Nicholas N. Kallas* by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Text of Proposed Order)(Companion, James) (Entered: 11/05/2019) |
| 11/05/2019 | 8 | MOTION for Leave to Appear Pro Hac Vice *of Christina Anne Larissa Schwarz* by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Text of Proposed Order) (Companion, James) (Entered: 11/05/2019) |
| 11/05/2019 | 9 | MOTION for Leave to Appear Pro Hac Vice *of Christopher E. Loh* by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Text of Proposed Order)(Companion, James) (Entered: 11/05/2019) |
| 11/05/2019 | 10 | MOTION for Leave to Appear Pro Hac Vice *of Susanne Flanders* by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Text of Proposed Order)(Companion, James) (Entered: 11/05/2019) |
| 11/05/2019 | 11 | MOTION for Leave to Appear Pro Hac Vice *of Jared L. Stringham* by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Text of Proposed Order)(Companion, James) (Entered: 11/05/2019) |
| 11/05/2019 | 12 | MOTION for Leave to Appear Pro Hac Vice *of Shannon K. Clark* by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Text of Proposed Order)(Companion, James) (Entered: 11/05/2019) |
| 11/05/2019 | 13 | MOTION for Leave to Appear Pro Hac Vice *of Laura K. Fishwick* by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Text of Proposed Order)(Companion, James) (Entered: 11/05/2019) |
| 11/05/2019 | 14 | MOTION for Leave to Appear Pro Hac Vice *of Gregory J. Manas* by Novartis Pharmaceuticals Corporation. (Attachments: # 1 Text of Proposed Order)(Companion, James) (Entered: 11/05/2019) |
| 11/06/2019 | 15 | PHV Filing fee: $ 1600.00, receipt number WVNC002759 for G. Manas, L. Fishwick, S. Clark, J. Stringham, S. Flanders, C. Loh, C. Schwarz, N. Kallas. (mh) (Entered: 11/06/2019) |

| 11/06/2019 | 16 | ORDER granting 12 Motion for Shannon K. Clark to Appear Pro Hac Vice on behalf of Plaintiff. Signed by Senior Judge Irene M. Keeley on 11/6/19. (mh) (Entered: 11/06/2019) |
| 11/06/2019 | 17 | ORDER granting 13 Motion for Laura K. Fishwick to Appear Pro Hac Vice on behalf of Plaintiff. Signed by Senior Judge Irene M. Keeley on 11/6/19. (mh) (Entered: 11/06/2019) |
| 11/06/2019 | 18 | ORDER granting 10 Motion for Susanne Flanders to Appear Pro Hac Vice on behalf of Plaintiff. Signed by Senior Judge Irene M. Keeley on 11/6/19. (mh) (Entered: 11/06/2019) |
| 11/06/2019 | 19 | ORDER granting 7 Motion for Nicholas N. Kallas to Appear Pro Hac Vice on behalf of the Plaintiff. Signed by Senior Judge Irene M. Keeley on 11/6/19. (mh) (Entered: 11/06/2019) |
| 11/06/2019 | 20 | ORDER granting 9 Motion for Christopher E. Loh to appear Pro Hac Vice on behalf of Plaintiff. Signed by Senior Judge Irene M. Keeley on 11/6/19. (mh) (Entered: 11/06/2019) |
| 11/06/2019 | 21 | ORDER granting 14 Motion for Gregory J. Manas to Appear Pro Hac Vice on behalf of Plaintiff. Signed by Senior Judge Irene M. Keeley on 11/6/19. (mh) (Entered: 11/06/2019) |
| 11/06/2019 | 22 | ORDER granting 8 Motion for Christina Anne Larissa Schwarz to Appear Pro Hac Vice on behalf of the Plaintiff. Signed by Senior Judge Irene M. Keeley on 11/6/19. (mh) (Entered: 11/06/2019) |
| 11/06/2019 | 23 | ORDER granting 11 Motion for Jared L. Stringham to Appear Pro Hac Vice on behalf of Plaintiff. Signed by Senior Judge Irene M. Keeley on 11/6/19. (mh) (Entered: 11/06/2019) |
| 12/12/2019 | 24 | WAIVER OF SERVICE Returned Executed by Novartis Pharmaceuticals Corporation. Mylan Pharmaceuticals Inc. waiver sent on 11/15/2019, answer due 1/14/2020. (Companion, James) (Entered: 12/12/2019) |
| 12/12/2019 | 25 | WAIVER OF SERVICE Returned Executed by Novartis Pharmaceuticals Corporation. Mylan Inc. waiver sent on 11/15/2019, answer due 1/14/2020. (Companion, James) (Entered: 12/12/2019) |
| 12/12/2019 | 26 | WAIVER OF SERVICE Returned Executed by Novartis Pharmaceuticals Corporation. Mylan Laboratories Limited waiver sent on 11/15/2019, answer due 1/14/2020. (Companion, James) (Entered: 12/12/2019) |
| 12/15/2019 | 27 | NOTICE of Appearance by William J O'Brien on behalf of Mylan Inc., Mylan Laboratories Limited, Mylan Pharmaceuticals Inc. (O'Brien, William) (Entered: 12/15/2019) |
| 12/16/2019 | 28 | FIRST ORDER AND NOTICE REGARDING DISCOVERY AND SCHEDULING: ***NOTICE TO ATTORNEYS*** : Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, ALL Non-governmental CORPORATE parties must file a DISCLOSURE STATEMENT with the Court. Forms are available on the Court's Web Site at http://www.wvnd.uscourts.gov/forms.htm Rule 26 Meeting to be held by 2/4/2020. Rule 26 Meeting Report due by 2/18/2020. Scheduling Conference set for 3/3/2020, at 1:30 PM, in Judge Keeley Chambers before Senior Judge Irene M. Keeley. Discovery due by 3/10/2020. Signed by Senior Judge Irene M. Keeley on 12/16/2019. (dk) (Entered: 12/16/2019) |

---

<table>
<tr><td colspan="2" align="center">**PACER Service Center**</td></tr>
<tr><td colspan="2" align="center">**Transaction Receipt**</td></tr>
</table>

CM/ECF - U.S. District Court:wvnd
12/18/2019 12:51:05

| PACER Login: | christopherloh:5521540:4298903 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:19-cv-00201-IMK |
| Billable Pages: | 4 | Cost: | 0.40 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

OCT 30 2019

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

NOVARTIS PHARMACEUTICALS
CORPORATION,

      Plaintiff,

      v.

MYLAN PHARMACEUTICALS INC.,
MYLAN INC., MYLAN
LABORATORIES LIMITED,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. *1:19-CV-201*

(Keeley)

## COMPLAINT

Novartis Pharmaceuticals Corporation ("Novartis"), by its attorneys, hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action arising under Title 35 of the United States Code and concerning Abbreviated New Drug Applications ("ANDAs") submitted to the United States Food and Drug Administration ("FDA") by the above-named defendants seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of sacubitril/valsartan tablets, generic versions of Novartis's ENTRESTO® tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg, prior to the expiration of U.S. Patents Nos. 8,101,659 (the "'659 patent"), 8,796,331 (the "'331 patent"), 8,877,938 (the "'938 patent"), and 9,388,134 (the "'134 patent").

2.      This particular West Virginia suit is a Hatch-Waxman "backup suit," intended to safeguard Novartis's rights under 21 U.S.C. § 355 *et seq.* in the event of potential disputes over jurisdiction and/or venue. A substantively identical suit was filed earlier in the District of

Delaware against Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited. Eighteen other groups of generic drug-maker defendants thus far have been sued in Delaware in connection with their ANDAs for generic versions of Novartis's ENTRESTO® tablets.

## PARTIES

3.      Plaintiff Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in East Hanover, New Jersey.

4.      On information and belief, defendant Mylan Pharmaceuticals Inc. is a corporation organized under the laws of the State of West Virginia, having a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505. On information and belief, Mylan Pharmaceuticals Inc. is a wholly owned subsidiary of Mylan Inc.

5.      On information and belief, defendant Mylan Inc. is a corporation organized and existing under the laws of the State of Pennsylvania, having a principal place of business at 1000 Mylan Boulevard, Canonsburg, Pennsylvania 15317.

6.      On information and belief, Mylan Laboratories Limited is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 564/A122, Road No. 92, Jubilee Hills, Hyderabad 500034, India. On information and belief, Mylan Laboratories Limited is an indirectly wholly owned subsidiary of Mylan Inc.

7.      On information and belief, Mylan Pharmaceuticals Inc. develops, manufactures, distributes, sells, and/or imports drug products for the entire United States market and does business in every state including West Virginia, either directly or indirectly.

2

8.      On information and belief, Mylan Inc. develops, manufactures, distributes, sells, and/or imports drug products for the entire United States market and does business in every state including West Virginia, either directly or indirectly.

9.      On information and belief, Mylan Laboratories Limited develops, manufactures, distributes, sells, and/or imports drug products for the entire United States market and does business in every state including West Virginia, either directly or indirectly.

10.     By a letter dated September 16, 2019 ("Mylan Notice Letter"), Mylan Pharmaceuticals Inc. notified Novartis that (i) Mylan Pharmaceuticals Inc. had submitted to the FDA ANDA No. 213646 for sacubitril/valsartan tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg ("Mylan ANDA Products"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products in or into the United States, including West Virginia, prior to the expiration of the '659, '331, '938, and '134 patents, and that (ii) ANDA No. 213646 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) against the '659, '331, '938, and '134 patents.

11.     Mylan Pharmaceuticals Inc. has committed an act of infringement in this judicial district by filing ANDA No. 213646 with the intent to make, use, sell, offer for sale, and/or import the Mylan ANDA Products in or into this judicial district, prior to the expiration of the '659, '331, '938, and '134 patents, an act of infringement that has led and will lead to foreseeable harm and injury to Novartis in West Virginia.

12.     On information and belief, Mylan Inc. acted in concert with and directed Mylan Pharmaceuticals Inc. and/or Mylan Laboratories Limited in the preparation and submission of ANDA No. 213646, and, if the ANDA is approved, will act in concert with and direct Mylan Pharmaceuticals Inc. and/or Mylan Laboratories Limited to engage in the commercial

3

manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products in or into the United States, including West Virginia, prior to the expiration of the '659, '331, '938, and '134 patents.

13.     On information and belief, Mylan Laboratories Limited acted in concert with and under the direction of Mylan Inc., and acted in concert with Mylan Pharmaceuticals Inc., in the preparation and submission of ANDA No. 213646, and, if the ANDA is approved, will act in concert with and under the direction of Mylan Inc., and will act in concert with Mylan Pharmaceuticals Inc., to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products in or into the United States, including West Virginia, prior to the expiration of the '659, '331, '938, and '134 patents.

14.     Mylan Pharmaceuticals Inc., by itself or together with Mylan Inc. and Mylan Laboratories Limited, has taken the costly, significant step of applying to the FDA for approval to engage in future activities, including the marketing of the Mylan ANDA Products, that will be purposefully directed at West Virginia and elsewhere.

15.     On information and belief, Mylan Pharmaceuticals Inc. has systematic and continuous contacts with West Virginia; has established distribution channels for drug products in West Virginia; regularly and continuously conducts business in West Virginia, including by selling drug products in West Virginia, either directly or indirectly through its subsidiaries, agents, or affiliates; has purposefully availed itself of the privilege of doing business in West Virginia; and derives substantial revenue from the sale of drug products in West Virginia.

16.     On information and belief, Mylan Inc. has systematic and continuous contacts with West Virginia; has established distribution channels for drug products in West Virginia; regularly and continuously conducts business in West Virginia, including by selling drug

products in West Virginia, either directly or indirectly through its subsidiaries, agents, or affiliates; has purposefully availed itself of the privilege of doing business in West Virginia; and derives substantial revenue from the sale of drug products in West Virginia.

17.     On information and belief, Mylan Laboratories Limited has systematic and continuous contacts with West Virginia; has established distribution channels for drug products in West Virginia; regularly and continuously conducts business in West Virginia, including by selling drug products in West Virginia, either directly or indirectly through its subsidiaries, agents, or affiliates; has purposefully availed itself of the privilege of doing business in West Virginia; and derives substantial revenue from the sale of drug products in West Virginia.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

19.     This Court has personal jurisdiction over Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited because, on information and belief, each such Defendant has committed or has aided, abetted, contributed to, or participated in the commission of tortious acts of patent infringement in preparing and submitting ANDA No. 213646 with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), which acts have led to foreseeable harm and injury to Novartis in West Virginia.

20.     This Court also has personal jurisdiction over Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited because, on information and belief, each such Defendant, upon approval of ANDA No. 213646, will commit or will aid, abet, contribute to, or participate in future tortious acts of patent infringement permitted under ANDA No. 213646 that will be

purposefully directed at West Virginia, including the marketing of the Mylan ANDA Products in West Virginia, prior to the expiration of the '659, '331, '938, and '134 patents.

21.  This Court also has personal jurisdiction over Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited because, on information and belief, each such Defendant's affiliations with the State of West Virginia, including Mylan Pharmaceuticals Inc.'s incorporation in West Virginia, Mylan Inc.'s ownership of and actions in concert with Mylan Pharmaceuticals Inc., and Mylan Laboratories Limited's actions in concert with Mylan Pharmaceuticals Inc., are sufficiently continuous and systematic as to render each such Defendant essentially at home in this forum.

22.  For these reasons, and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited.

23.  Venue is proper in this Court because Mylan Pharmaceuticals Inc. is incorporated in the State of West Virginia and therefore resides in this judicial district; because, on information and belief, Mylan Inc. has committed and/or will commit acts of infringement in this judicial district and has a regular and established place of business in this judicial district; and because Mylan Laboratories Limited is a foreign entity who may be sued in any judicial district, including West Virginia.  28 U.S.C. § 1400(b); 28 U.S.C. § 1391(c)(3).

## THE PATENTS-IN-SUIT AND ENTRESTO®

24.  Novartis is the owner of the '659 patent, titled "Methods of treatment and pharmaceutical composition."  The '659 patent was duly and legally issued on January 24, 2012.  A true and correct copy of the '659 patent is attached hereto as Exhibit A.

25. The '659 patent claims, *inter alia*, a pharmaceutical composition comprising (i) valsartan or a pharmaceutically acceptable salt thereof; (ii) sacubitril or sacubitrilat or a pharmaceutically acceptable salt thereof; and (iii) a pharmaceutically acceptable carrier; wherein (i) and (ii) are administered in combination in about a 1:1 ratio.

26. Novartis is the owner of the '331 patent, titled "Methods of treatment and pharmaceutical composition." The '331 patent was duly and legally issued on August 5, 2014. A true and correct copy of the '331 patent is attached hereto as Exhibit B.

27. The '331 patent claims, *inter alia*, a method for the treatment of heart failure or hypertension, comprising administering to a patient in need thereof a therapeutically effective amount of the combination of (i) valsartan or a pharmaceutically acceptable salt thereof; and (ii) sacubitril or sacubitrilat or a pharmaceutically acceptable salt thereof; wherein (i) and (ii) are administered in one unit dose form or in two separate unit dose forms.

28. Novartis is the owner of the '938 patent, titled "Compounds containing S-N-valeryl-N-{[2'-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl}-valine and (2R,4S)-5-biphenyl-4-yl-4-(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester moieties and cations." The '938 patent was duly and legally issued on November 4, 2014. A true and correct copy of the '938 patent is attached hereto as Exhibit C.

29. The '938 patent claims, *inter alia*, trisodium [3-((1S,3R)-1-biphenyl-4-ylmethyl-3-ethoxycarbonyl-1-butylcarbamoyl)propionate-(S)-3'-methyl-2'-(pentanoyl{2''-(tetrazol-5-ylate)biphenyl-4'-ylmethyl}amino)butyrate] hemipentahydrate ("sacubitril/valsartan trisodium hemipentahydrate complex") in crystalline form.

30. Novartis is the owner of the '134 patent, titled "Compounds containing S-N-valeryl-N-{[2'-(1H-tetrazole-5-yl)-biphenyl-4-yl]-methyl}-valine and (2R,4S)-5-biphenyl-4-yl-4-

7

(3-carboxy-propionylamino)-2-methyl-pentanoic acid ethyl ester moieties and cations." The '134 patent was duly and legally issued on July 12, 2016. A true and correct copy of the '134 patent is attached hereto as Exhibit D.

31.     The '134 patent claims, *inter alia*, a method for the treatment of heart failure or hypertension, in a patient in need thereof comprising administering to the patient a therapeutically effective amount of a sacubitril/valsartan trisodium hemipentahydrate complex.

32.     Novartis is the holder of New Drug Application ("NDA") No. 207620 by which the FDA granted approval for the commercial manufacturing, marketing, sale, and use of ENTRESTO® (sacubitril and valsartan) tablets, 24 mg/26 mg, 49 mg/51 mg, and 97 mg/103 mg. ENTRESTO® currently is indicated to reduce the risk of cardiovascular death and hospitalization for heart failure in patients with chronic heart failure (NYHA Class II-IV) and reduced ejection fraction, and for the treatment of symptomatic heart failure with systemic left ventricular systolic dysfunction in pediatric patients aged one year and older.

33.     One or more claims of each of the '659, '331, '938, and '134 patents cover ENTRESTO® and/or the use thereof.

34.     The FDA's official publication of approved drugs (the "Orange Book") lists the '659, '331, '938, and '134 patents in connection with ENTRESTO®.

## INFRINGEMENT OF THE PATENTS-IN-SUIT

35.     Novartis incorporates paragraphs 1 – 17 and 24 – 34 as if fully set forth herein.

36.     On information and belief, Mylan Pharmaceuticals Inc., by itself or in concert with Mylan Inc. and Mylan Laboratories Limited, submitted to the FDA ANDA No. 213646 under the provisions of 21 U.S.C. § 355(j) seeking approval to engage in the commercial

8

manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products prior to the expiration of the '659, '331, '938, and '134 patents.

37.     This action was commenced within 45 days of Novartis's receipt of the Mylan Notice Letter.

38.     By filing their ANDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products in or into the United States prior to the expiration of the '659, '331, '938, and '134 patents, Mylan Pharmaceuticals Inc., and, on information and belief, Mylan Inc. and Mylan Laboratories Limited have committed an act of infringement under 35 U.S.C. § 271(e)(2).

39.     On information and belief, when Mylan Pharmaceuticals Inc. filed ANDA No. 213646, Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited were aware of the '659, '331, '938, and '134 patents and that the filing of the ANDA with the request for its approval prior to the expiration of the '659, '331, '938, and '134 patents was an act of infringement of those patents.

40.     On information and belief, the commercial manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products in or into the United States will infringe one or more claims of the '659, '331, '938, and '134 patents.

41.     The Mylan Notice Letter does not deny that the Mylan ANDA Products would infringe claims 1-4 of the '659 patent, and that the use of the Mylan ANDA Products would infringe claims 1, 2 and 5-8 of the '331 patent.

42.     On information and belief, the commercial manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products in or into the United States will directly infringe one or more claims of the '659 patent.

43.     On information and belief, the commercial manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products in or into the United States will directly infringe one more claims of the '938 patent.

44.     On information and belief, the Mylan ANDA Products, if approved, will contain instructions for practicing a method for the treatment of heart failure comprising administering to a patient in need thereof a therapeutically effective amount of sacubitril/valsartan or their pharmaceutically acceptable salts, which administration will constitute direct infringement of one or more claims of the '331 patent.  On information and belief, if the Mylan ANDA Products are approved, physicians and/or patients following said instructions will directly infringe one or more claims of the '331 patent.  On information and belief, if the Mylan ANDA Products are approved, Mylan Pharmaceuticals Inc., Mylan Inc., and/or Mylan Laboratories Limited will actively encourage, recommend, or promote this infringement with knowledge of the '331 patent, and with knowledge and intent that their acts will induce infringement of one or more claims of the '331 patent.

45.     On information and belief, if the Mylan ANDA Products are approved, Mylan Pharmaceuticals Inc., Mylan Inc., and/or Mylan Laboratories Limited will commercially manufacture, sell, offer for sale, and/or import those products, which will be specifically labeled for use in a method for the treatment of heart failure comprising administering to a patient in need thereof a therapeutically effective amount of sacubitril/valsartan or their pharmaceutically acceptable salts, as recited in one or more claims of the '331 patent.  On information and belief,

if the Mylan ANDA Products are approved, those products will constitute a material part of a method for the treatment of heart failure comprising administering to a patient in need thereof a therapeutically effective amount of sacubitril/valsartan or their pharmaceutically acceptable salts, as recited in one or more claims of the '331 patent. On information and belief, if the Mylan ANDA Products are approved, physicians and/or patients following the instructions in the Mylan ANDA Products will directly infringe one or more claims of the '331 patent. On information and belief, if the Mylan ANDA Products are approved, Mylan Pharmaceuticals Inc., Mylan Inc., and/or Mylan Laboratories Limited will contributorily infringe one or more claims of the '331 patent, and will do so with knowledge of the '331 patent, and that the Mylan ANDA Products are especially made or especially adapted for use in infringing one or more claims of the '331 patent and are not suitable for a substantial noninfringing use.

46.     On information and belief, the Mylan ANDA Products, if approved, will contain instructions for practicing a method for the treatment of heart failure in a patient in need thereof comprising administering to the patient a therapeutically effective amount of a sacubitril/valsartan trisodium hemipentahydrate complex, which administration will constitute direct infringement of one or more claims of the '134 patent. On information and belief, if the Mylan ANDA Products are approved, physicians and/or patients following said instructions will directly infringe one or more claims of the '134 patent. On information and belief, if the Mylan ANDA Products are approved, Mylan Pharmaceuticals Inc., Mylan Inc., and/or Mylan Laboratories Limited will actively encourage, recommend, or promote this infringement with knowledge of the '134 patent, and with knowledge and intent that their acts will induce infringement of one or more claims of the '134 patent.

47. On information and belief, if the Mylan ANDA Products are approved, Mylan Pharmaceuticals Inc., Mylan Inc., and/or Mylan Laboratories Limited will commercially manufacture, sell, offer for sale, and/or import those products, which will be specifically labeled for use in a method for the treatment of heart failure in a patient in need thereof comprising administering to the patient a therapeutically effective amount of a sacubitril/valsartan trisodium hemipentahydrate complex, as recited in one or more claims of the '134 patent. On information and belief, if the Mylan ANDA Products are approved, those products will constitute a material part of a method for the treatment of heart failure in a patient in need thereof comprising administering to the patient a therapeutically effective amount of a sacubitril/valsartan trisodium hemipentahydrate complex, as recited in one or more claims of the '134 patent. On information and belief, if the Mylan ANDA Products are approved, physicians and/or patients following the instructions in the Mylan ANDA Products will directly infringe one or more claims of the '134 patent. On information and belief, if the Mylan ANDA Products are approved, Mylan Pharmaceuticals Inc., Mylan Inc., and/or Mylan Laboratories Limited will contributorily infringe one or more claims of the '134 patent, and will do so with knowledge of the '134 patent, and that the Mylan ANDA Products are especially made or especially adapted for use in infringing one or more claims of the '134 patent and are not suitable for a substantial noninfringing use.

48. Novartis will be substantially and irreparably damaged by Mylan Pharmaceuticals Inc.'s, Mylan Inc.'s, and Mylan Laboratories Limited's infringement of the '659, '331, '938, and '134 patents.

49. Novartis is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any approval of ANDA No. 213646 be a date that is no earlier than July 14, 2023, the expiration of the '659 and '331 patents' pediatric exclusivity,

November 27, 2027, the expiration date of the '938 patent's pediatric exclusivity, and May 8, 2027, the expiration of the '134 patent's pediatric exclusivity, or a date no earlier than the expiry of any other patent extension or exclusivity to which Novartis is entitled, and an award of damages for any commercial sale or use of the Mylan ANDA Products and any act committed by Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited with respect to the subject matter claimed in the '659, '331, '938, and '134 patents, which act is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

50.    On information and belief, Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited have taken and continue to take active steps towards the commercial manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products, including seeking approval of those products under ANDA No. 213646.

51.    There is a substantial and immediate controversy between Novartis and Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited concerning the '659, '331, '938, and '134 patents.  Novartis is entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited will infringe, induce infringement of, and/or contributorily infringe one or more claims of the '659, '331, '938, and '134 patents.

### PRAYER FOR RELIEF

WHEREFORE, Novartis prays that this Court grant the following relief:

52.    Judgment that defendants Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited have infringed one or more claims of the '659, '331, '938, and '134 patents by filing ANDA No. 213646;

53.    A permanent injunction restraining and enjoining defendants Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited, and their officers, agents,

attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, sale or offer for sale in the United States, or importation into the United States, of the Mylan ANDA Products prior to the expiration of the '659, '331, '938, and '134 patents, inclusive of any extensions and additional periods of exclusivity;

54.     An order that the effective date of any approval of ANDA No. 213646 be a date that is not earlier than the expiration dates of the '659, '331, '938, and '134 patents, inclusive of any extensions and additional periods of exclusivity;

55.     Declaratory judgment that the commercial manufacture, use, sale, offer for sale, and/or importation of the Mylan ANDA Products will directly infringe, induce infringement of, and/or contributorily infringe one or more claims of the '659, '331, '938, and '134 patents;

56.     Damages or other monetary relief from defendants Mylan Pharmaceuticals Inc., Mylan Inc., and Mylan Laboratories Limited for the infringement, inducement of infringement, and contributory infringement of the '659, '331, '938, and '134 patents;

57.     A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and an award of attorney's fees;

58.     Novartis's costs and expenses in this action; and

59.     Such other and further relief as the Court may deem just and proper.

Dated:   October 30, 2019

SCHRADER COMPANION DUFF & LAW, PLLC

*/s/ James F. Companion*
James F. Companion (#790)
Sandra K. Law (#6071)
401 Main Street
Wheeling, WV 26003
(304) 233-3390
*jfc@schraderlaw.com*
*skl@schraderlaw.com*

*Attorney for Plaintiff Novartis*
*Pharmaceuticals Corporation*

OF COUNSEL:

Nicholas N. Kallas
Christina Schwarz
Christopher E. Loh
Susanne L. Flanders
Jared L. Stringham
Shannon K. Clark
Laura K. Fishwick
Gregory J. Manas
VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
*nkallas@venable.com*
*cschwarz@venable.com*
*cloh@venable.com*
*slflanders@venable.com*
*jlstringham@venable.com*
*skclark@venable.com*
*lfishwick@venable.com*
*gjmanas@venable.com*